1   PAUL HASTINGS LLP
    CHRISTOPHER H. McGRATH
2   chrismcgrath@paulhastings.com
    695 Town Center Drive, 17th Floor
3   Costa Mesa, California  92626-1924
    Telephone:  (714) 668-6200
4   Facsimile:  (714) 979-1921

5   PISANELLI BICE PLLC
    JORDAN T. SMITH, Bar No. 12097
6   JTS@pisanellibice.com
    400 South 7th Street, Suite 300
7   Las Vegas, Nevada 89101
    Telephone:  702.214.2100
8   Facsimile:  702.214.2101

9   *Attorneys for Defendants* Joseph W. Turgeon, Kurt A.
    Gustafson, Francois Lebel, William L. Ashton, Nora E.
10  Brennan, Seth H.Z. Fischer, Jeffrey L. Vacirca,
    Dolatrai M. Vyas, Bernice R. Welles, Stuart Krassner,
11  Raymond W. Cohen, Anthony E. Maida, And
    Elizabeth A. Czerepak

12                  **UNITED STATES DISTRICT COURT**

13                      **DISTRICT OF NEVADA**

14

15  MARK CSABA, derivatively on behalf of          CASE NO. 2:21-cv-02202-JCM-BNW
    SPECTRUM PHARMACEUTICALS, INC.,

16              Plaintiff,

17          v.                                     **STIPULATION AND
                                                   ORDER GRANTING STAY OF
18  JOSEPH W. TURGEON, KURT A.                     PLAINTIFF'S VERIFIED
    GUSTAFSON, FRANCOIS LEBEL,                     SHAREHOLDER DERIVATIVE
19  WILLIAM L. ASHTON, NORA E.                     COMPLAINT AND NOTICE OF
    BRENNAN, SETH H.Z. FISCHER, JEFFREY            RELATED ACTION
20  L. VACIRCA, DOLATRAI M. VYAS,
    BERNICE R. WELLES, STUART
21  KRASSNER, RAYMOND W. COHEN,
    GILLES R. GAGNON, ANTHONY E.
22  MAIDA, AND ELIZABETH A. CZEREPAK

23              Defendants,

24  and

25  SPECTRUM PHARMACEUTICALS, INC.,

26              Nominal Defendant.

27

28

WHEREAS, Plaintiff Mark Csaba ("Plaintiff"), by his undersigned attorneys, derivatively and on behalf of Nominal Defendant Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), filed a Verified Stockholder Derivative Complaint against Defendants Joseph W. Turgeon ("Turgeon"), Kurt A. Gustafson ("Gustafson"), Francois Lebel ("Lebel"), William L. Ashton ("Ashton"), Nora E. Brennan ("Brennan"), Seth H.Z. Fischer ("Fischer"), Jeffrey L. Vacirca ("Vacirca"), Dolatrai M. Vyas ("Vyas"), Bernice R. Welles ("Welles"), Stuart Krassner ("Krassner"), Raymond W. Cohen ("Cohen"), Anthony E. Maida ("Maida"), and Elizabeth A. Czerepak ("Czerezpak") (collectively, the "Individual Defendants," and together with Spectrum, the "Defendants").[1]  Plaintiff and Defendants seek to stay this shareholder derivative action pending further proceedings in a related securities class action pending before this Court;

WHEREAS, on August 31, 2021, a putative shareholder class action, *Luo v. Spectrum Pharmaceuticals, Inc., et al.,* Case No. 2:21-cv-1612-cv-00966-JAD-BNW (the "Securities Class Action"), was filed in this Court;

WHEREAS, the Securities Class Action asserts claims against the Company and two current or former officers and directors under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), alleging that statements made by defendants during the period of December 27, 2018 to August 5, 2021 were misleading;

WHEREAS, Plaintiff filed this shareholder derivative action on December 15, 2021, and purports to assert claims on behalf of the Company against the Individual Defendants, all of whom are current and former officers and directors of the Company;

WHEREAS, this shareholder derivative action is based on allegations substantially similar to those in the Securities Class Action, and alleges that the Individual Defendants have subjected the Company to potential liability in the Securities Class Action based on statements alleged to be actionable in the Securities Class Action or otherwise under the securities laws, that Defendants

---

[1]     The Complaint also names individual defendant Gilles Gagnon, who is not a party to this stipulation but to whom the proposed stay would also apply.  As part of this stipulation, Paul Hastings LLP, counsel to Defendants, hereby agrees to accept service on behalf of any yet unserved party to this action other than Mr. Gagnon.

breached their fiduciary duties, and have been unjustly enriched in connection with the Securities Class Action;

WHEREAS, Plaintiff and Defendants agree that this shareholder derivative action is related to the Securities Class Action and they, *inter alia*, "arise from the same or substantially identical transactions, happenings, or events," "involve the same or substantially the same parties or property," and "call for determination of the same or substantially identical questions of law";

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), a lead plaintiff is in the process of being appointed in the Securities Class Action whereupon Plaintiff and Defendants anticipate an amended complaint will be filed which will likely be the subject of a motion to dismiss by the defendants in the Securities Class Action;

WHEREAS, pursuant to the PSLRA, all discovery and other proceedings in the Securities Class Action are statutorily stayed until and unless a motion to dismiss is denied;

WHEREAS, the interests of efficiency and economy would be furthered by staying proceedings in this action until it is determined by the Court whether the related Securities Class Action can survive a motion to dismiss, and litigating this action in the meantime would require the parties and the Court to incur potentially unnecessary time and expense;

WHEREAS, other courts have recognized that, in the same circumstances, a stay of derivative litigation in favor of a substantially similar securities class action is appropriate and furthers the interests of efficiency and economy. *See, e.g.*, *In re RH, Inc. S'holder Deriv. Litig.*, 2019 WL 580668, at *3-4 (N.D. Cal. Jan. 23, 2019); *In re STEC, Inc. Deriv. Litig.*, 2012 WL 8978155, at *8 (C.D. Cal. Jan. 12, 2012); *Tutschek v. Schinazi*, 2019 WL 6873795, at *2-4 (W.D. Wash. Dec. 17, 2019);

NOW, THEREFORE, the parties stipulate and request that the Court enter an order providing that:

1.      All proceedings and deadlines in this action, including all deadlines for responding to the complaint, shall be stayed;

2.     The stay of proceedings shall remain in effect until the earlier of (i) an order denying a motion to dismiss in the Securities Class Action in whole or in part, or (ii) dismissal of the Securities Class Action with prejudice;

3.     Notwithstanding the above, any of the parties to this Stipulation may request that the Court lift the voluntary stay upon good cause shown by giving the other parties at least ten (10) business days' written notice that they believe such good cause exists and thereafter bringing the matter to the Court's attention and requesting that the voluntary stay be lifted.

4.     Upon termination of the stay pursuant to the provisions of paragraph 2, the parties shall meet and confer within twenty-one (21) days regarding: (i) an agreed-upon deadline, if necessary, for Defendants to move, answer or otherwise respond to the operative complaint in this action; and (ii) a briefing schedule for any motion to dismiss the operative complaint in this action.

5.     By entering into this stipulation, Plaintiff and Defendants do not intend to waive, and expressly reserve, any rights, defenses or claims they may have in the Shareholder Derivative Action.

6.     The stay shall apply to any purported shareholder derivative action arising out of the same or substantially the same transactions or events as the Shareholder Derivative Action that is subsequently filed in, removed to, or transferred to this Court.

7.     Defendants shall produce to Plaintiff any documents concerning the conduct alleged in this action produced in response to a shareholder of Spectrum making a demand on the Company pursuant to 8 *Del. C.* § 220, subject to a mutually agreed upon confidentiality agreement.

8.     While this action is stayed, and for up to one year after the stay is lifted, Defendants will provide reasonable advance notice to Plaintiff of any mediation proceedings in the Securities Class Action. While this action is stayed, and for up to one year after the stay is lifted, Defendants will provide reasonable advance notice to Plaintiff of any mediation proceedings in any related derivative lawsuit, and/or in any threatened related derivative lawsuit.

9.     Notwithstanding a stay of this action, Plaintiff may file one amended complaint as a matter of course, without seeking leave of the Court. Without waiving any defenses or objections,

1   Defendants shall be under no obligation to answer, move, or otherwise respond to the complaint or

2   any such amended complaints while this action is stayed.

3          IT IS SO STIPULATED.

4   DATED:  March 1, 2022                    PAUL HASTINGS LLP

5                                            By:    /s/ Christopher H. McGrath

6                                            CHRISTOPHER H. McGRATH
                                             695 Town Center Drive, 17th Floor
7                                            Costa Mesa, California  92626-1924

8   DATED:  March 1, 2022                    PISANELLI BICE PLLC

9                                            By:    /s/ Jordan T. Smith

                                             JORDAN T. SMITH
10                                           400 South 7th Street, Suite 300
                                             Las Vegas, Nevada 89101

11
                                             *Attorneys for Defendants Joseph W. Turgeon,*
12                                           *Kurt A. Gustafson, Francois Lebel, William L.*
                                             *Ashton, Nora E. Brennan, Seth H.Z. Fischer,*
13                                           *Jeffrey L. Vacirca, Dolatrai M. Vyas, Bernice*
                                             *R. Welles, Stuart Krassner, Raymond W.*
14                                           *Cohen, Anthony E. Maida, and Elizabeth A.*
                                             *Czerepak*

15  DATED:  March 1, 2022                    MUCKLEROY LUNT, LLC

16                                           By:    /s/ Martin A. Muckleroy

17                                           MARTIN A. MUCKLEROY
                                             6077 S. Fort Apache Road, Suite 140
18                                           Las Vegas, Nevada 89148

19  DATED:  March 1, 2022                    BRAGAR EAGEL & SQUIRE, P.C.

20                                           By:    /s/ Garam Choe

                                             GARAM CHOE
21                                           810 Seventh Avenue, Suite 620
                                             New York, New York  10019

22
                                             *Attorneys for Plaintiff*
23          **IT IS SO ORDERED.**

24
                                             _____
25                                           UNITED STATES DISTRICT COURT JUDGE

26                                                     March 14, 2022
                                             DATED:  _____
27

28                                           CASE NO. 2:21-cv-02202-JCM-BNW

                                             - 4 -